ADAM I. GAFNI, Cal. Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2811Wilshire Blvd., Suite 780
Santa Monica, CA 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiffs,
VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KHOURY TYLOR , an individual, and VINCENT SCOTT TYLOR, an individual<br><br>Plaintiffs,<br><br>v.<br><br>JARRELL & ASSOCIATES, INC., a California Corporation; LISA MARIE JARRELL-WEAR, an individual; and DOES 1-10<br><br>Defendants. | **Case No.:  3:15-cv-04133**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Vincent Khoury Tylor and Vincent Scott Tylor file this Complaint against Defendants Jarrell & Associates, Inc., a California Corporation; Lisa Marie Jarrell-Wear, an individual; and Does 1-10 (collectively "Defendants") and allege as follows:

1
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

## I.    THE PARTIES

1.  Plaintiff Vincent Khoury Tylor ("Plaintiff" or "Vincent K. Tylor") is a resident of the State of Hawaii and is a renowned professional photographer specializing in Hawaiian landscapes. Plaintiff operates the website www.hawaiianphotos.net and regularly sells his copyrighted images across the United States, including in Hawaii and California.  Plaintiff's photographs are copyrighted images and Plaintiff works vigorously, through sending DMCA notices as well as cease and desist letters, to protect his copyrighted images.

2.  Plaintiff Vincent Scott Tylor ("Plaintiff" or "Vincent S. Tylor") is a resident of the State of Hawaii and is an acclaimed professional photographer specializing in Hawaiian landscapes.

3.  Plaintiffs are informed and believe that Defendant JARRELL & ASSOCIATES, INC. (hereinafter "Defendant" or "Jarrell & Associates") is a California corporation with its principal place of business in Tiburon, California. Plaintiffs are further informed and believe that during at least some of the relevant time period of the infringing activity (including as of the date of filing this Complaint) Jarrell & Associates is a suspended corporation by the State Franchise Tax Board.

4.  Plaintiffs are informed and believe that Defendant Lisa Marie Jarrell-Wear (hereinafter "Jarrell-Wear") is and was during relevant times the President of Jarrell & Associates, with a substantial ownership interest in the corporation, control of the corporation, and is a resident of Marin County, California.

5.  Plaintiffs are informed and believe that Defendant Jarrell & Associates owns, operates, manages, supervises, and/or controls commercial marketing websites including, *inter alia*, http://www.mauicabana.com (and associated sub-Uniform Resource Locators (URLs)) (hereinafter the "Website").

2

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

6.  Plaintiffs are informed and believe that Defendant Jarrell & Associates uses the Website to advertise, market, and promote, and/or generate business for its real estate business of renting and selling cabanas in Maui, Hawaii.

7.  Plaintiffs are further informed and believe that during all relevant times there was a substantial and ongoing connection between the infringements and Jarrell-Wear in her capacity as president of Jarrell & Associates in that, inter alia: Jarrell-Wear, during all relevant times had and has the ability to and exercised her ability to direct and control the Website in both an administrative and technical capacity, including over website images, text, and overall control.

8.  Plaintiffs do not presently know the true names and capacities of the Defendants named as Does 1-10 and therefore sues such defendants by these fictitious names.  Plaintiffs believe that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts for financial gain and profit, in violation of Plaintiffs' rights.  Plaintiffs will request leave from the Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiffs ascertain them. The Doe Defendants and the known Defendants are referred to collectively as "Defendants."

9.  Plaintiffs are informed and believe that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiffs are informed and believe that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiffs are informed and believe that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II.   JURISDICTION AND VENUE

10. This action arises under the provisions of the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.* and is for damages and preliminary and permanent injunctive relief arising from Defendants' infringements of copyrights registered with the Copyright Office of the United States.

11. *Subject Matter Jurisdiction.* This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331and § 1338(a) and is brought under 17 U.S.C § 101 et seq.

12. *Personal Jurisdiction*.  Plaintiffs are informed and believe that personal jurisdiction is proper over the Defendants because for years and continuing to the date of this Complaint Defendants reside and/or operate commercial businesses headquartered within this judicial district and/or through which Defendants knowingly, systematically, and continuously transact business and enter into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district; operate websites that are accessible to and accessed by residents in the State of California and those within this judicial district; the copyright infringement that gave rise to this law suit occurred within this judicial district, or otherwise have sufficient contacts with the State of California.

13. *Venue.* Venue properly lies within this district pursuant to the provision of 28 U.S.C. § 1391(b) and (c) and § 1400(a) in that Defendants reside and/or are headquartered in this judicial district and a substantial part of the events giving rise

4

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

to the claims occurred in this District, including having engaged in the act of copyright infringement within this district.

14. *Intradistrict Assignment:* Pursuant to Local Rule 3-2(c), this action, as an Intellectual Property Action, will be assigned on a district-wide basis. Based upon Defendants' location within Marin County, this action is being filed in the San Francisco Division.

## III.   FACTUAL ALLEGATIONS

15.  Plaintiffs incorporate by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

16. Plaintiff Vincent K. Tylor is an acclaimed professional photographer whose photographs are copyrighted images. Plaintiff Vincent K. Tylor created three (3) of the photographs at issue in this case, which are duly registered under his name with the United States Copyright Office as:

| **Registration Number(s)** | **Description** |
| --- | --- |
| Registration number VA 1-696-555, and described  in supplemental registration VA 1-432-741 | 1.  M-07 Windsurfers Web-LG.jpg<br>2.  M-13 Lahaina at Dusk Web-LG.jpg |
| Registration Number VA0001696552, and described in supplemental registration VA 1-432-820 | 3.  A-34 Island Falls Web-LG.jpg |

 (the "Vincent K. Tylor Photographs").

17.      Plaintiff Vincent S. Tylor is an acclaimed professional photographer whose photographs are copyrighted images. Plaintiff Vincent S. Tylor created one (1) of the photographs at issue in this case, which is duly registered under his name with the United States Copyright Office as: VA0001761524 Venice Falls, Maui (collectively, the "Photographs").

18.      Plaintiffs are informed and believe that, at all relevant times,

5

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Defendant Jarrell & Associates was a corporation that owns manages and controls a commercial website at http://www.mauicabana.com, where customers can view information regarding cabana and vacation rentals in Hawaii. Plaintiffs are further informed and believe that, at all relevant times, Defendant Jarrell-Wear was the President of Jarrell & Associates and the person with the authority and responsibility for administration and technical aspects of the web page at Jarrell & Associates.

19.    Plaintiffs are informed and believe that Defendants used Plaintiffs copyrighted Photographs without a license to advertise, market, and promotes its services.

20.    The Photographs are original works entitled to copyright protection pursuant to the copyright laws of the United States and are duly registered with the United States Copyright Office.

21.    Plaintiffs are informed and believe that the Photographs were registered prior to the infringement alleged herein occurring.

22.    The Photographs are original works to which Plaintiffs, as the sole copyright owners, hold the exclusive right to reproduce, publicly distribute, and publicly display, pursuant to 17 U.S.C § 106 and 501.

23.    The Photographs were not a "work for hire."  Plaintiffs incurred substantial time and expense in creating the Photographs.

24.    Plaintiffs are informed and believe that, within the last three years, Defendants, without authorization or permission from Plaintiffs, unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed, and distributed the Photographs to a global audience on the World Wide Web via the Website on at least the following URL/links:

(1) http://www.mauicabana.com/why-maui-.html

6

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

(2) http://www.mauicabana.com/rates.html

(3) http://nebula.wsimg.com/3d3b0fd094cd190aca24ae606ce27ba6?AccessKeyId=64E9F269E84170358170&disposition=0&alloworigin=1

(4) http://nebula.wsimg.com/054a2cff769e24373cdb2f22f6b4a69e?AccessKeyId=64E9F269E84170358170&disposition=0&alloworigin=1

(5) http://nebula.wsimg.com/3299d61384bf60309a559b99ff49f972?AccessKeyId=64E9F269E84170358170&disposition=0&alloworigin=1

(6) http://nebula.wsimg.com/966422ec77a4c4f4365f78530ac89ac9?AccessKeyId=64E9F269E84170358170&disposition=0&alloworigin=1

(7) http://nebula.wsimg.com/7992ef0bb784efac67e8ebe397c83f58?AccessKeyId=64E9F269E84170358170&disposition=0&alloworigin=1

25.      Plaintiff's are informed and believe that Photograph (3) Lahaina at Dusk, listed above, is, as of the date of this Complaint, currently posted on the Website with Vincent K. Tylor's copyright management information affixed to it at the following link, http://www.mauicabana.com/rates.html.

26. At all relevant times, Defendants did not have a license or permission to use, display, distribute, copy/reproduce Plaintiffs' Photographs.

27. Plaintiffs are informed and believe that Defendants unlawful copying/reproduction, uploading/downloading or causing to be uploaded/downloaded, public display and distribution of the Photographs to a global audience on the World Wide Web via the Website constitutes direct copyright infringement.

28. Plaintiffs are informed and believe that Defendants copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photographs with actual and/or constructive knowledge, that they did not have consent and/or a license to use the Photographs in the manner in which they were used in willful violation of Plaintiffs' copyrights.

7

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

29.  Plaintiffs are further informed and believe that Defendants continued to publicly display and distribute the Photographs on the website www.mauicabana.com after receiving actual knowledge of the infringement by way of a cease-and-desist letter they received from Plaintiffs containing the infringing links.

30.  Defendants' unauthorized copying/reproducing, uploading/downloading, public display, and distribution as alleged herein has caused Plaintiffs damages.

31.  Defendants have shown that they intend to continue, unless restrained, to use Plaintiffs' copyrighted photographic works, willfully infringing, and causing irreparable damages to Plaintiffs for which they have no adequate remedy of law.

32.  Defendants' unlawful use of copies of Plaintiffs' original photographic works have diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

33.  Defendants' unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiffs of their own photographic works.

34.  Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

35.  Defendants, by their unauthorized appropriation and use of Plaintiffs' original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiffs' goodwill and the public

8

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

acceptance of Plaintiffs' original photographic works.

36.     Because Defendants used Plaintiffs' copyrighted photographic works without licenses, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing publication and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

## COUNT 1

## DIRECT COPYRIGHT INFRINGEMENT

### 17 U.S.C. §§ 106 and 501

37.   Plaintiffs incorporate by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

38.   Plaintiffs own all rights, titles, and interest in and to the copyrights for the Photographs, the use of which has not been licensed to Defendants.

39.   Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. and 501 et seq.  (the "Copyright Act"), Plaintiffs have the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute, and publicly display the Photographs.

40.   Defendants have misappropriated Plaintiffs' copyrights in the Photographs through the copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, display, publication, and/or distribution of the image on their commercial Website.

41.   Defendants misappropriated Plaintiffs' copyrights in the Photographs with actual and/or constructive knowledge that the Photographs at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiffs' copyrighted Photographs.

42.   Defendants' acts constitute willful direct copyright infringement in violation

9

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et seq. and 501 et seq.)

43. As a direct and proximate result of Defendants' infringement, Plaintiffs were damaged and are entitled to recover from Defendants the damages, including attorney's fees, they have sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the acts of infringement alleged above. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs, but will be established according to proof at trial. Plaintiffs also seek to recover statutory damages for the infringement of their copyrights alleged herein of up to $150,000.00 per infringement.

44. Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

## COUNT 2
## SECONDARY COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.* (Contributory and Vicarious)

45. Plaintiffs incorporate by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

46. By the actions alleged above, Defendants had either constructive knowledge or actual knowledge and/or had reason to know of the infringing activity alleged herein and that Defendants had no right to copy, upload, display, distribute, or download the Photographs and consciously disregarded such knowledge.

47. Plaintiffs are informed and believe that Defendants continued to infringe on Plaintiffs' copyrights by continuing to copy, publicly display, and distribute the Photographs even after receiving constructive and/or actual knowledge of the

10

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

infringing activity.

48.    Plaintiffs are informed and believe that by the actions alleged above, Defendants knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement, including but not limited to those downstream users that viewed the image online.

49.    Defendants' conduct constitutes contributory (and inducement) copyright infringement of Plaintiffs' exclusive rights in the Photographs in violation of 17 U.S.C. §§ 106 and 501.

50.    Plaintiffs are informed and believe that Defendants had the right and ability to control the infringing conduct alleged above occurring on Defendants' Website and have derived, or have attempted or intended to derive, a direct financial benefit from the infringing display and use of the Photographs. Such conduct constitutes vicarious infringement of Plaintiffs' copyrights and exclusive rights under the copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 and 501).

51.    As a direct and proximate result of Defendants' infringements, Plaintiffs were damaged and are entitled to recover from Defendants the damages, including attorney's fees, they have sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs, but will be established according to proof at trial. Plaintiffs also seek to recover statutory damages for Defendants' infringements of their copyrights of up to $150,000.00 per infringement.

52.    Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

11

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

**WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:**

1. For Plaintiffs' actual damages.

2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.

3. For maximum statutory damages under the Copyright Act of up to $150,000.00 per infringement.

4. For prejudgment interest.

5. For attorneys' fees and costs.

6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiffs' copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

b. the seizure of all property made in, or used to assist in the, violation of Plaintiffs' exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photographs, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photographs.

c. To enforce third party contractual obligations that are beneficial to Plaintiffs or to enforce third party rights and fully terminate said contract due to Defendants failure to perform obligations under such contract.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

7.      For such other and further relief as this Court deems just and appropriate.


Dated: September 10, 2015                    LAW OFFICES OF ADAM I. GAFNI


                                             By: /s/ Adam I. Gafni
                                             Adam I. Gafni
                                             Attorney For Plaintiffs
                                             VINCENT KHOURY TYLOR
                                             VINCENT SCOTT TYLOR


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: September 10, 2015                    LAW OFFICES OF ADAM I. GAFNI


                                             By: /s/ Adam I. Gafni
                                             Adam I. Gafni
                                             Attorneys For Plaintiff
                                             VINCENT KHOURY TYLOR

13

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**